IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

Roanoke Division

DEMMERICK E. BROWN, #1131268,

    *Plaintiff*,

v.                                                  CIVIL ACTION NO. 7:22cv00349

KAREN STAPLETON, *et al.*,

    *Defendants*.

## MEMORANDUM IN SUPPORT

Defendants, Brett Farmer[1], L.A. Mullins, and Karen Stapleton,[2] by counsel, submit this Memorandum in Support of their Motion to Dismiss.

### INTRODUCTION

Plaintiff Demmerick E. Brown ("Brown" or "Plaintiff"), #1131268, is a Virginia Department of Corrections ("VDOC") inmate incarcerated at Augusta Correctional Center. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and alleges a violation of his due process rights under the Fourteenth Amendment. Specifically, Plaintiff alleges:

**Claim V:** Defendants subjected Plaintiff to "[a] false and concocted disciplinary charge in violation of his due process rights." ECF #01 at 4.

---

[1] Plaintiff named "B. Famer" as a defendant. Defendants understand "B. Famer" to be Brett Farmer.
[2] Plaintiff also named an unidentified party (John Doe) as defendant. The Virginia Office of the Attorney General does not represent unnamed defendants.

1

Plaintiff requests $350,000 in compensatory damages and $650,000 in punitive damages. ECF #01 at 57. Furthermore, Plaintiff specifically requests that Defendant Mullins reimburse him for $15; including interest. ECF #01 at 58.

Under Claim V, Plaintiff does not state a claim upon which relief can be granted. Therefore, Defendants respectfully request that this Court dismiss the claim against them.

## PROCEDURAL HISTORY

On June 27, 2022, this Court entered an Order that severed this case (No. 7:22cv00349) from another case (No. 7:22cv00247). ECF #01. This Court directed the Clerk to open this case and to conditionally file Plaintiff's Complaint as the original complaint. To pursue this case, Plaintiff needed to execute and return a Consent to Fee form. ECF #01, On July 11, 2022, Plaintiff executed and returned the form. ECF #05.

This case is limited to Claim V which "concern[s] a rule infraction charged against Brown at Red Onion in early August 2020, and the subsequent disciplinary proceedings, involving the Red Onion defendants." ECF #01., Plaintiff directs Claim V against Defendants Farmer, Mullins, and Stapleton and alleges a violation of his due process rights. ECF #01 at 4. Defendants now respond with their Motion to Dismiss.

## STATEMENT OF FACTS

When ruling on Defendants' Motion to Dismiss, this Court must "accept as true" all *plausible* factual allegations in Plaintiff's Complaint." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "While the court accepts plausible factual allegations in the complaint as true . . . a court 'need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Miller v. Ingles*, No. 1:09cv200, 2009 U.S. Dist. LEXIS 64322, at *3 (W.D.N.C. Jul. 14, 2009) (quoting *Eastern Shore*

2

*Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)). Nothing requires this Court to accept Plaintiff's "'legal conclusion[s] couched as factual allegation[s].'" *SD3, LLC v. Black & Decker (U.S.) Inc.,* 801 F.3d 412, 422 (4th Cir. 2015) (quoting *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014). So viewed, and as pertinent to this Motion, the factual allegations are as follows[3]:

1. Plaintiff is a VDOC inmate and, at all relevant times, was a VDOC inmate. *See* ECF #01 at 1.

2. In August 2020, VDOC housed Plaintiff at Red Onion State Prison ("ROSP"). ECF #01.

3. Defendants Brett Farmer, L.A. Mullins, and Karen Stapleton, at all relevant times, were VDOC employees at ROSP. ECF #01 at 39–47.

4. On August 8, 2020, Plaintiff visited the barber shop for a facial shave and a haircut. ECF #01 at 39. While there, the barber asked Plaintiff to remove his face mask. ECF #01 at 39.

5. At that time, VDOC required that inmates wear face masks. *See* ECF #01 at 39. Accordingly, D.R. Branham instructed Plaintiff "to put [his] face mask back on." ECF #01 at 39. D.R. Branham subsequently filed a disciplinary charge for "failure to follow post[ed] rules, not wearing a mask." ECF #01 at 39.

6. On August 9, 2020, Sargent Jones served Plaintiff with the disciplinary charge. ECF #01 at 39. Sargent Jones read Plaintiff both the charge and his rights. ECF #01 at 39.

---

[3] While Defendants do not accept the facts as Plaintiff alleges them to be, they accept his version of events as they must for the purposes of the Motion to Dismiss. In the interest of brevity, Defendants summarize the relevant factual allegations here and do not repeat them in their entirety.

7. Plaintiff then requested the following: audio evidence, documentary evidence, cross-examination forms, and witnesses.  ECF #01 at 39–40.  Plaintiff alleges that Sargent Jones did not provide the "necessary forms."  ECF #01 at 40.

8. Plaintiff further alleges that, on or around August 10, 2020, he submitted an "inmate request form" to Defendant L.A. Mullins and "explained to him [that] the necessary forms needed are not available in the housing unit."  ECF #01 at 40.  Defendant Mullins did not respond.  ECF #01 at 40.

9. On August 26, 2020, Defendant Mullins conducted Plaintiff's disciplinary hearing without his "requested" evidence.  ECF #01 at 41.

10. Defendant Mullins found Plaintiff guilty.  ECF #01 at 42.  Plaintiff received a $15 fine.  ECF #01 at 43.  Plaintiff alleges that he also "los[t] all incentive[ ]" and was denied parole.  ECF #01 at 43.

11. Plaintiff alleges that Defendant Mullins denied him the opportunity to appeal because he never received the "appeal packet."  ECF #01 at 43–44.

12. On April 15, 2021[4], Plaintiff wrote a letter of complaint to David A. Robinson.  ECF #01 at 44.  Defendant Karen Stapleton responded to this complaint on May 12, 2021.  ECF #01 at 44.  According to Plaintiff, Defendant Stapleton stated that Plaintiff did receive the "appeal packet" and failed to timely file an appeal.  ECF #01 at 44–45.

13. Plaintiff refuted Defendant Stapleton's statements.  ECF #01 at 45–46.  Defendant Stapleton did not respond.  ECF #01 at 46.

---

[4] Plaintiff wrote "April 15, 2020."  Defendants understand the date to be "April 15, 2021."

14. On May 15, 2021, Plaintiff sent a letter to VDOC Director Harold Clarke.  ECF #01 at 46.  Plaintiff requested "an investigation into [D]efendants L.A. Mullins and Karen Stapleton."  ECF #01 at 46.

15. Plaintiff alleges that, in response to his letter, Zachary Davis sent an "appeal packet."  When Plaintiff proceeded with his appeal, "[D]efendant Karen Stapleton intervened and blocked [his] appeal being filed."  ECF #01 at 47.

## **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556–57). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility or 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  "*Iqbal* and *Twombly* articulated a new requirement . . . rejecting a standard that would allow a complaint to 'survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some "set of [undisclosed] facts" to support recovery.'" *McCleary-Evans v. Md. Dep't of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015), *cert denied*, 136 S. Ct. 1162 (2016). Finally, the Court should not accept "'unwarranted

5

deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'" *Custer v. Sweeney*, 89 F.3d 1156, 1163 (4th Cir. 1996).

## **ARGUMENT**

Defendants respectfully request that this Court dismiss the claim against them. First, Plaintiff's Complaint does nothing more than name Brett Farmer. *See* ECF #01 at 39–47 (showing that Plaintiff never mentioned "B. Famer" under Claim V). Without any factual allegations, the claim against Defendant Farmer is baseless. Second, Plaintiff's alleged injuries are either not protected liberty/property interests or not related to Claim V. Plaintiff states that he received a $15 penalty. ECF #01 at 43. However, this Court has held that a $15.00 penalty does not give rise to a protected property interest. *See Bowling v. Clarke*, No. 7:19cv00453, 2020 U.S. Dist. LEXIS 133010, at *12 (W.D. Va. Jul. 28, 2020). Plaintiff states that his parole was denied. ECF #01 at 43. However, he makes factual allegations regarding parole under Claim II; not Claim V. *Compare* ECF #01 at 21–26 (describing denial of parole under Claim II); *with* ECF #01 at 39–47 (not describing denial of parole under Claim V). Finally, Plaintiff states that he "los[t] all incentive[ ]." ECF #01 at 43. However, he fails to demonstrate that this loss is an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. In short, because Plaintiff does not state a claim upon which relief can be granted, this Court should dismiss the Complaint.

Defendant Farmer

After naming Brett Farmer as a defendant, Plaintiff never mentioned him again in the body of Claim V. Accordingly, Defendant Farmer requests that this Court dismiss the claim against him.

6

Under Federal Rule of Civil Procedure 8(a)(2), a sufficient complaint does more than simply *name* a defendant. *See Iqbal*, 556 U.S. at 678 (2009) (stating that "a complaint must contain sufficient factual matter"). Specifically, in a 42 U.S.C. § 1983 lawsuit, a plaintiff must "plead that [a] Government-official defendant, through [his] own individual actions, [ ] violated the Constitution." *Id.* at 676. Therefore, if a plaintiff only names a defendant in a 42 U.S.C. § 1983 lawsuit and does nothing more, then a court may dismiss the claim against that defendant. *See Bennett v. MacIsaac*, No. 1:11cv920, 2011 U.S. Dist. LEXIS 128602, at *15 (E.D. Va. Nov. 7, 2011) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (stating "[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints.")).

In his Complaint, Plaintiff named "B. Famer" as a defendant and alleged a "violation of his due process rights." ECF #01 at 4, 6. However, Plaintiff never mentions Defendant Farmer in the body of Claim V. *See* ECF #01 at 39–47. It is unclear what Defendant Farmer did to personally deprive Plaintiff of his due process rights. *See* ECF #01 at 39–47. While Federal Rule of Civil Procedure 8(a)(2) "does not require '*detailed* factual allegations,'" it does require *some* factual allegations. *Iqbal*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 555). Because Plaintiff does not make any factual allegations regarding Defendant Farmer in the body of Claim V, his claim against Defendant Farmer is nothing more than a "naked assertion." *Id.* Accordingly, this Court should dismiss the claim against Defendant Farmer.

<u>Defendants Farmer, Mullins, & Stapleton</u>

*Plaintiff Received a $15.00 Penalty*

A $15.00 penalty does not give rise to a protected property interest. *See Bowling*, 2020 U.S. Dist. LEXIS 133010, at *12 (stating that "a small fine (fifteen dollars) . . . is insufficient to give rise to a protected interest").

To claim a procedural due process violation, a plaintiff must first identify either a protected liberty interest or a protected property interest. *Id.* at *11 (quoting *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). This Court has routinely held that small monetary penalties, like a $15 fine, do not give rise to a protected property interest. *Id.* at *12 (citing *Roscoe v. Mullins*, No. 7:18cv00132, 2019 U.S. Dist. LEXIS 154091, at *3 (W.D. Va. Sept. 10, 2019); *Ferguson v. Messer*, No. 7:1cv00140, 2017 U.S. Dist. LEXIS 47334, at *8 (W.D. Va. Mar. 30, 2017); and *Batcher v. Mathena*, No. 7:15cv00500, 2016 U.S. Dist. LEXIS 105306, at *1 (W.D. Va. Aug. 10, 2016).

In *Bowling v. Clarke*, this Court dismissed an inmate's due process claims concerning a $15.00 fine. *Id.* at *12–*13. In dismissing those claims, this Court stated "[a small fine] is insufficient to give rise to a protected property interest . . . . [a]s such, [the plaintiff] had no federal due process right to particular procedural protections during the disciplinary proceedings." *Id.* at 13. Like the plaintiff in *Bowling*, Plaintiff in this case alleges that he was denied due process during his disciplinary hearing and received a $15.00 penalty. ECF #01 at 43. However, because this penalty does not give rise to a protected property interest, Plaintiff cannot claim that Defendants denied him "particular procedural protections." *Bowling*, 2020 U.S. Dist. LEXIS 133010, at *13.

8

*Plaintiff was Denied Parole*

Plaintiff's claim that he was "denied parole" is unrelated to Defendants Farmer, Mullins, and Stapleton. ECF #01 at 43.

First, without providing any facts, Plaintiff just concludes that Defendants caused his parole to be denied. ECF #01 at 43. In short, Plaintiff's Complaint does not contain "factual content that allows the court to draw [a] reasonable inference that [Defendants] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). Looking at Claim V, it is unclear how Defendants caused Plaintiff's parole to be denied. *See* ECF #01 at 39–47. Plaintiff never states when or why his parole was denied. ECF #01 at 39–47. Rather, he only ever mentions parole as an injury. ECF #01 at 43. Because Plaintiff does not make any factual allegations regarding how Defendants caused his parole to be denied, his claim against Defendants is nothing more than a "naked assertion." *Iqbal*, 556 U.S. at 678.

Second, by Plaintiff's own admission, D. Call, C. Gensinger, A. Jackson, and W. Jarrett allegedly caused the denial of his parole; not Defendants Farmer, Mullins, and Stapleton. *Compare* ECF #01 at 21–26 (describing denial of parole under Claim II); *with* ECF #01 at 39–47 (not describing denial of parole under Claim V). Under Claim II, Plaintiff clearly states that D. Call, C. Gensinger, A. Jackson, and W. Jarrett caused the denial of his parole. *See* ECF #01 at 21–26. Under Claim II, Plaintiff alleges that, after submitting a complaint, VDOC staff retaliated by filing false reports. ECF #01 at 23–25. Around September 19, 2020, the parole board interviewed Plaintiff. ECF #01 at 25. Plaintiff states that, because of the "false reports" filed by D. Call, C. Gensinger, A.

Jackson, and W. Jarrett, the parole board denied his parole. ECF #01 at 26 (stating "On or [a]bout November 2020, I was denied parole based on those false reports.").

Looking at the Complaint, Plaintiff clearly alleges that the "Claim II defendants," as opposed to the "Claim V Defendants," caused his parole to be denied. Defendants Farmer, Mullins, and Stapleton have no connection to Claim II. *See* ECF #01 (This Court stated that *only* Claim V is relevant to Defendants Farmer, Mullins, and Stapleton.) Accordingly, Plaintiff's claim that he was "denied parole" is unrelated to Claim V and Defendants Farmer, Mullins, and Stapleton.

*Plaintiff Lost All Incentives*

Plaintiff states vaguely that "[he] los[t] all incentives." ECF #01 at 43. Based on the Complaint, it is unclear what Plaintiff is referring to. *See* ECF #01 at 39–47. Plaintiff clearly states that, based on the disciplinary hearing, he received a $15 penalty. ECF #01 at 39–47. He never states that, based on the disciplinary hearing, he lost a specific privilege. ECF #01 at 39–47. Because Plaintiff never elaborates on the meaning of "incentive," Defendants believe "incentive" to mean Plaintiff's "motivation." ECF #01 at 39–47.

To claim a procedural due process violation, a plaintiff must first identify either a protected liberty interest or a protected property interest. *Bowling*, 2020 U.S. Dist. LEXIS 133010, at *11 (quoting *Prieto*, 780 F.3d at 248). The Supreme Court has held that an offender can demonstrate a protected liberty interest by showing an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation

10

did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest).

In the Complaint, Plaintiff failed to demonstrate that "loss of incentive/motivation" is a protected liberty interest. *See* ECF #01 at 39–47. Looking at Claim V, Plaintiff never showed an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life. *See* ECF #01 at 39–47. Therefore, Plaintiff cannot claim a procedural due process violation. Accordingly, the claim fails as to all Defendants.

## CONCLUSION

Because Plaintiff does not state a claim upon which relief can be granted, this Court should dismiss the claim against Defendants.

WHEREFORE, Defendants respectfully request this Court grant their Motion and dismiss the Complaint against them.

Respectfully submitted,

BRETT FARMER
L.A. MULLINS
KAREN STAPLETON

By: s/ Richard C. Vorhis
Richard C. Vorhis, SAAG, VSB #23170
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North 9th Street
Richmond, Virginia 23219
Phone: (804) 786-4805
Fax: (804) 786-4239
E-mail: rvorhis@oag.state.va.us

**CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of December, 2022, I electronically filed the foregoing Memorandum In Support using the CM/ECF system which will send notification of such filing to the following:  N/A

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

VADOC Centralized Mail Distribution Center
Demmerick E. Brown, #1131268
3521 Woods Way
State Farm, VA 23160

                                                          s/ Richard C. Vorhis
                                                         Richard C. Vorhis, SAAG, VSB 23170
                                                         Office of the Attorney General
                                                         Criminal Justice & Public Safety Division
                                                         202 North 9th Street
                                                         Richmond, Virginia 23219
                                                         Phone:  (804) 786-4805
                                                         Fax:  (804) 786-4239
                                                         E-mail:  rvorhis@oag.state.va.us