IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEMMERICK E. BROWN, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:22-cv-00349 |
| | ) | |
| v. | ) | |
| | ) | |
| KAREN STAPLETON, *et al.*, | ) | By: Robert S. Ballou |
|     Defendants. | ) | United States District Judge |

## MEMORANDUM OPINION

Demmerick Brown ("Brown"), a Virginia inmate at Red Onion State Prison ("ROSP") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants Karen Stapleton, L.A. Mullins, and Brett Farmer,[1] employees at ROSP, violated his Fourteenth Amendment due process rights by subjecting him to a false disciplinary charge and fine. Defendants filed a motion to dismiss for failure to state a claim. Dkt. 14. I find that Brown fails to allege a protected liberty or property interest and **GRANT** the motion to dismiss.

## I. BACKGROUND

Brown originally filed an omnibus complaint asserting seven claims against a group of defendants employed at Nottoway Correctional Center relating to events which occurred in Nottoway in June 2020. See Brown v. Clarke et al., No. 7:22-cv-247, Dkt. 1 (W. D. Va. May 6, 2022). The complaint also contained allegations against three employees of ROSP involving a completely unrelated claim of due process violations which occurred in August 2020 after Brown was transferred to ROSP. Judge Sargent severed the due process claim and had it re-filed as a new complaint in this action. Dkt. 1.[2] The factual allegations are taken from Brown's *pro se*

---

[1] Brown names Farmer as a defendant but does not include any allegations against Farmer.

[2] The complaint arising from the events at Nottoway Correctional Center was transferred to the Eastern District of Virginia where venue is proper for those claims. Brown, 7:22-cv-247, Dkt. 10.

complaint and are presumed to be true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Brown alleges that on August 8, 2020, he visited the ROSP barbershop for a facial shave and haircut. Compl., Dkt. 1 at 39. While there, the inmate barber instructed Brown to remove his face mask.[3] Id. Brown asserts he saw two ROSP guards during his time at the barbershop, but neither guard advised him to put his face mask back on or informed him he must wear it during the barber service. Id. One of the ROSP guards subsequently filed a disciplinary charge for Brown's failure to follow institutional rules by not wearing a mask. Id.

After being served with the charge, Brown requested to have witnesses, documentary evidence, cross examination forms, and audio evidence. Id. at 39-40. A sergeant assured Brown that a floor officer would provide him with the requested forms. Id. at 40. However, the floor officer stated none of the forms were available in the office. Id. Brown alleges that he submitted multiple inmate request forms to L.A. Mullins, the disciplinary hearing officer, explaining that the necessary forms were not available in the housing unit. Id. Mullins did not respond to his requests, nor did any other individuals intervene. Id. at 40-41.

Brown requested a postponement of his disciplinary hearing before Mullins because he had not received the requested forms which he believe were necessary to proceed. Id. at 41. Brown alleges that Mullins denied the request to postpone the disciplinary hearing which proceeded "despite [his] right to call witness[es], present evidence in [his] favor, the right to cross examine the accuser, and to have audio security surveillance camera evidence." Id. at 40-41. He asserts "the hearing officer acted [with] bias when he intentionally ignored the testimony dispute . . . and he failed to question the dispute." Id. at 42.

---

[3] At the time of the alleged incident, the Virginia Department of Corrections required inmates to wear face masks because of the COVID-19 pandemic.

Brown was found guilty of failure to follow institutional rules and fined $15.00.[4] Id. at 43. Additionally, he alleges he lost all incentives and was denied parole. Id. Brown noted an appeal but stated that Mullins "denied [him] an appeal by virtually den[ying] [him] a [sic] appeal package." Id. Brown alleges he filed a letter of complaint in an effort to remedy the alleged violations that occurred throughout the process of service, the disciplinary hearing, and the denial of appeal. Id. at 44. Karen Stapleton, disciplinary unit manager, responded to Brown's complaint and claimed Brown refused to sign the certificate of service form when the appeal package was presented. Id. at 44-45.

Brown asserts that he responded to Stapleton, advising her that "disciplinary hearing officer L.A. Mullins outright lied to her and acted in bad faith," as he never had an appeal package presented to him and did not refuse to sign a certificate of service. Id. at 45-46. When Stapleton did not further respond, Brown sought an investigation into both Mullins and Stapleton. In a later effort to settle the dispute, Brown was sent an appeal package. Id. at 47. However, he states Stapleton intervened and blocked his appeal from being filed. Id.

Brown asserts that Defendants violated his rights to due process under the Fourteenth Amendment and seeks compensatory and punitive damages, reimbursement of the $15.00 fine with interest, and declaratory judgment. Id. at 4, 56-58. In their Motion to Dismiss, Defendants argue that Brown fails to show "an 'atypical and significant' hardship or deprivation in relation to ordinary incidents of prison life," and therefore cannot claim a procedural due process violation. Dkt. 15 at 11.

---

[4] Brown attached to his Response in Opposition to the Motion to Dismiss Exhibit M5, the Disciplinary Hearing Report, which indicates that the maximum fine was $15.00, but only a $7.00 fine was imposed. Dkt. 24-2 at 16. This was not attached to or made part of the Complaint, and thus, since the case is before me on a motion to dismiss, the Disciplinary Hearing Report is not considered for purposes of this opinion.

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). I accept all factual allegations in the complaint as true and draw all reasonable inferences in Brown's favor as the plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Legal conclusions, however, are not entitled to the same presumption of truth. Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 556 (noting that while detailed factual allegations are not required, a plaintiff must still provide more than labels, conclusions, or a "formulaic recitation of the elements of the cause of action").

In *pro se* cases, federal courts construe pleadings liberally. Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) (finding a "[l]iberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, "'a *pro se* plaintiff still must allege facts that state a cause of action.'" Scarborough v. Frederick Cty. School Bd., 517 F. Supp. 3d 569, 575 (W.D. Va. 2021) (quoting Bracey v. Buchanan, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999)).

### B. Analysis

To state a claim for deprivation of due process under § 1983, Brown must establish that Defendants, acting under the color of state law, deprived him of rights, privileges, or immunities guaranteed by the Constitution or laws of the United States. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Brown seeks relief under § 1983 for alleged violations of his Fourteenth

Amendment right to due process arising from the disciplinary proceedings that resulted in the assessment of a $15.00 fine. Compl., Dkt. 1 at 4, 43. Brown alleges Defendants deprived him of due process at his disciplinary hearing by denying him witnesses, evidence, and an impartial decision maker. Id. at 41-42.

The Due Process Clause of the Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015). In other words, a plaintiff must identify a sufficient interest before the court examines whether the procedures surrounding the deprivation were constitutionally sufficient. Allen v. Hurley, No. 7:21cv00641, 2023 WL 2495803, at *3 (W.D. Va. Mar. 14, 2023) (citing Kentucky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989)). While in prison, an inmate establishes a protected liberty interest by showing that the hardship "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Here, Brown alleges Defendants deprived him of due process at his disciplinary hearing by denying him witnesses, evidence, and an impartial decision maker. Id. at 41-42. Brown was subsequently convicted of "failure to follow . . . institutional rules" and fined $15.00. Compl., Dkt. 1 at 39, 43. Additionally, he asserts he lost all incentives and was denied parole. Id. at 43. Brown has not alleged facts supporting the assertion that the parole denial was a result of the disciplinary charge, nor has he alleged what incentives he lost. Therefore, I am unable to determine whether they amounted to a protected property or liberty interest.

Further, "[w]hile neither the Supreme Court nor the Fourth Circuit has specified the

threshold at which the Due Process Clause is implicated when it comes to monetary fines, several Judges in this district have held that small fines routinely assessed at disciplinary hearings do not trigger due process protections." Riddick v. Kegley, No. 7:20cv00562, 2023 WL 2326858, at *5 (W.D. Va. Mar. 2, 2023) (holding a fine of $12.00 does not implicate a constitutionally protected interest); see also Allen, 2023 WL 2495803, at *3 (finding Allen's $15.00 fine was not an "atypical and significant hardship" that triggered due process protections); Roscoe v. Mullins, No. 7:18cv00132, 2019 WL 4280057, at *3 (W.D. Va. Sept. 10, 2019) (granting summary judgement to the defendants' due process claim where the only penalty was a $15.00 fine), aff'd on other grounds, No. 19-7343 (4th Cir. Oct. 28, 2020); Kenzell Carter v. White, No. 7:21cv00484, 2023 WL 3871719, at *3 (W.D. Va. June 7, 2023) (holding fines of $15.00 and $10.00 did not rise to the level of an atypical and significant hardship implicating the protections of the Due Process Clause). But see Bowling v. Clarke, No. 7:19cv00453, 2020 WL 4340944, at *3 (W.D. Va. July 28, 2020) (finding the imposition of a $15.00 fine "arguably" constituted the deprivation of a protected property interest, as it was not clearly established in the Fourth Circuit at the time of the incident whether a small, monetary fine triggered federal due process protections).

  Consistent with this persuasive authority, I conclude that Brown's $15.00 fine was not an "atypical and significant hardship" that triggered due process protections. See Sandin, 515 U.S. at 484. Because Brown has failed to allege a protected liberty or property interest implicated by Defendants' actions, I decline to examine the sufficiency of the process afforded to him at the disciplinary hearing. See Ky. Dep't of Corr., 490 U.S. at 460. Accordingly, Defendants' Motion to Dismiss is **GRANTED**.

## III. CONCLUSION

Brown failed to allege a protected liberty or property interest implicated by Defendants' actions. Accordingly, I **GRANT** Defendants' Motion to Dismiss (Dkt. 14) **WITHOUT PREJUDICE**. Because the motion to dismiss is granted, Brown's pending Motion for Summary Judgment (Dkt. 34) is **DENIED** as moot.

A separate order will follow.

Entered: August 3, 2023

*Robert S. Ballou*

Robert S. Ballou
United States District Judge